```
IN THE UNITED STATES DISTRICT COURT
    FOR THE WESTERN DISTRICT OF TENNESSEE
              WESTERN DIVISION
```

| | |
|---|---|
| LEWIS JONES, JR., | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| v. | )    No. 17-cv-02180-SHL-tmp |
| | ) |
| THE BRYCE COMPANY, LLC, | ) |
| | ) |
|     DEFENDANT. | ) |
| | ) |

**REPORT AND RECOMMENDATION**

On March 16, 2017, plaintiff Lewis Jones, Jr., filed a *pro se* complaint against defendant The Bryce Company, LLC ("Bryce"), alleging violations of Title VII of the Civil Rights Act of 1964. (ECF No. 1.) Before the court, pursuant to Administrative Order 2013-05, is Bryce's Motion to Dismiss for Insufficient Service of Process. (ECF No. 17.) After Jones failed to respond as required by the Local Rules, the court ordered him to show cause why his complaint should not be dismissed by filing a response or risk the court deciding the matter relying solely upon Bryce's motion. (ECF No. 18.) Jones did not comply with this order.

For the reasons set forth below, it is recommended that the court deny Bryce's motion and direct Jones to effect proper

service upon Bryce in accordance with the Federal Rules of Civil Procedure.

## I. PROPOSED FINDINGS OF FACT

On March 15, 2017, the court issued summons upon Bryce and notified Jones to print the issued summons and effect service. (ECF No. 7.) Bryce avers that on March 30, 2017, Jones delivered a copy of the summons by certified mail with a return receipt to the corporation where a security guard, Robert Flynn, signed the receipt. (ECF No. 17-1 at 1.) After the delivery, Jones failed to file the return of service with the court. (Id.)

## II. PROPOSED CONCLUSIONS OF LAW

The court finds that service was defective. First, it was defective because proper service must include a copy of the summons and the complaint. Fed. R. Civ. P. 4(h). Here, Bryce only received a copy of the summons. (ECF No. 17-1 at 1.) Second, it was defective because Jones did not serve the correct individual. In Tennessee, there are several means by which a plaintiff may obtain proper service upon a corporation. Fed. R. Civ. P. 4(e), (h); Tenn. R. Civ. P. 4.04(4), (10). Perhaps the simplest means is for the plaintiff to mail a certified copy of the summons and complaint by registered return receipt or certified return receipt to a person authorized to receive service on behalf of the corporation. Id. The individual who

2

signed the receipt accompanying the summons, Robert Flynn, was not authorized to accept service for Bryce. (ECF No. 17-2.) According to Bryce, one person who is authorized is Bryce's registered agent, Fraser Humphreys III. (Id.) Finally, though it does not render the service invalid, "unless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(l); see also Local Rule 4.1(e). Jones failed to file the return of service with the court. (ECF No. 17-1 at 1.)

When *pro se* plaintiffs fail in their attempt to navigate complex service requirements, courts may give these plaintiffs a second chance to effect proper service. Evans v. Grinder & Haislip Const., No. 04-2790 B, 2005 WL 1009551, at *1 (W.D. Tenn. Apr. 28, 2005) (denying defendant's motion to dismiss for insufficient service and ordering the *pro se* plaintiff to effect proper service within 30 days); see also Frame v. Superior Fireplace, 74 F. App'x 601, 603 (6th Cir. 2003). While the court is concerned by Jones's failure to comply with the order to show cause and respond to Bryce's motion, the court, nevertheless, recommends that Jones be given another opportunity to effect proper service.

### III. RECOMMENDATION

It is recommended that the court deny Bryce's motion to dismiss and direct Jones, within 30 days of the entry of the

3

order, to effect proper service upon Bryce in accordance with the Federal Rules of Civil Procedure.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

August 31, 2017
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**